IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division


FILED
IN OPEN COURT

MAR 1 0 2011

CLERK, U.S. DISTRICT CO.
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:11CR141 |
| | ) | |
| | ) | **Count 1:** 18 U.S.C. §§ 1001(a)(1) & 2 |
| v. | ) | (Concealment Scheme) |
| | ) | |
| | ) | **Counts 2-5:** 18 U.S.C. §§ 1001(a)(2) & 2 |
| KAREN M. LANCASTER | ) | (False Statements) |
| | ) | |
| Defendant. | ) | **Counts 6-8:** 18 U.S.C. §§ 1001(a)(3) & 2 |
| | ) | (False Documents) |

## INDICTMENT

### March 2011 Term - At Alexandria

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Relevant Individual

1.     From in or about 1991 to in or about March 2005, defendant KAREN LANCASTER ("LANCASTER") was employed in various positions with the United States Department of Defense ("DoD"), starting as a secretary and eventually becoming an Imagery Intelligence Analyst with the National Geospatial Intelligence Agency ("NGA"). In or about March 2005, LANCASTER was notified by DoD that she was being fired due to performance failures. On or about October 13, 2006, LANCASTER reached a settlement with DoD whereby DoD agreed to withdraw her termination and LANCASTER was allowed to resign from DoD, retroactive to

March 2005.

**Relevant Entities**

2.      The Patent and Trademark Office ("PTO") is an office within the United States Department of Commerce ("Commerce Department") that grants patents and registers trademarks.  The Commerce Department is an agency of the Executive Branch of the government of the United States.

3.      The Defense Intelligence Agency ("DIA") is an agency within the DoD that produces and manages military intelligence.  The DoD is an agency of the Executive Branch of the government of the United States.

4.      The United States Department of State ("State Department") is an agency of the Executive Branch of the government of the United States and is responsible for the international relations of the United States.

5.      The Securities and Exchange Commission ("SEC") is an agency within the Executive Branch of the government of the United States that is responsible for, among other things, enforcing federal securities laws and regulating the securities industry.

**Relevant Forms**

6.      Standard Form 50 ("SF-50"), entitled "Notification of Personnel Action," is a form used by the federal government to document and report certain personnel actions such as hirings, promotions, conversions, and separations.

7.      Optional Form 306 ("OF-306"), entitled "Declaration for Federal Employment," is a form used by the federal government to, among other things, determine a job applicant's acceptability for federal employment.

-2-

8.     Standard Form 86 ("SF-86"), entitled "Questionnaire for National Security Positions," is a form used by the federal government in conducting background investigations for job applicants and employees requiring a security clearance.

## Relevant Criminal History

9.     In or about February 2002, LANCASTER was arrested and charged in Maryland with a misdemeanor offense and received probation before judgment.

10.    In or about September 2004, LANCASTER was charged in Virginia with a felony offense.  As a result, she was convicted of a misdemeanor in or about July 2005, received a jail sentence, and served time in jail.

11.    In or about June 2005, LANCASTER was charged in Virginia with a misdemeanor offense.  She was convicted of this misdemeanor in or about July 2005 and received a jail sentence which was suspended.

## COUNT ONE
### (Concealment Scheme)

THE GRAND JURY FURTHER CHARGES THAT:

12. The allegations contained in paragraphs 1 through 11 of this Indictment are realleged as if fully set forth herein.

13. From in or about October 2006, and continuing up to and through in or about May 2008, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KAREN LANCASTER did knowingly and willingly falsify, conceal, and cover up by a trick, scheme, and device material facts, that is, material information concerning her criminal history, employment history, and suitability for employment with the federal government.

### Manner and Means

The scheme was carried out in the following ways, among others:

14. Between in or about October 2006 and continuing up to and through in or about May 2008, LANCASTER applied for positions with the PTO, the DIA, the State Department and the SEC.

15. In her application materials for those positions, LANCASTER, among other things, concealed and falsified information about her prior arrests, charges, convictions and terms of imprisonment; the unfavorable circumstances under which she had resigned from prior federal employment; the roles and responsibilities she had at previous federal jobs; and her salary history.

16. As part of her scheme of concealment and falsification, LANCASTER, among other

-4-

things, submitted work histories containing false information, made false statements on SF-86 forms and SF-306 forms, and altered SF-50 forms, all of which she provided to her prospective federal employers.

All in violation of Title 18, United States Code, Sections 1001(a)(1) and 2.

## COUNT TWO
### (False Statements)

THE GRAND JURY FURTHER CHARGES THAT:

17. The allegations contained in paragraphs 1 through 11 of this Indictment are realleged as if fully set forth herein.

18. In or about October 2006 and continuing through in or about November 2006, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KAREN LANCASTER did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations, by submitting application materials to the PTO, including an OF-306 wherein she denied having "been convicted, been imprisoned, been on probation, or been on parole" in the past ten years and denied having "been fired from any job for any reason, . . . quit after being told that [she] would be fired, [or leaving] any job by mutual agreement because of specific problems . . ." in the past five years. These statements and representations were false because, as LANCASTER then and there knew, she had been on probation for a 2002 misdemeanor arrest in Maryland, had been convicted of two misdemeanors in Virginia in 2005 and imprisoned, and had been fired from her job at the DoD/NGA and later allowed to resign by mutual agreement because of performance problems.

   All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT THREE
### (False Statements)

THE GRAND JURY FURTHER CHARGES THAT:

19.     The allegations contained in paragraphs 1 through 11 of this Indictment are realleged as if fully set forth herein.

20.     On or about July 31, 2007, and continuing through in or about October 2007, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KAREN LANCASTER did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations, by submitting application materials (including an SF-86) to the DIA wherein she, among other things, stated she was an analyst with the PTO; claimed a General Schedule grade she did not have; claimed certain job responsibilities she did not have; failed to accurately report her criminal record by concealing her arrest in Maryland, by concealing that she had been charged with a felony offense in Virginia, and by concealing one misdemeanor conviction in Virginia; and denied being fired from a job, quitting after being told she would be fired, leaving a job by mutual agreement following allegations of unsatisfactory performance, or otherwise leaving a job under unfavorable circumstances in the past seven years.  These statements and representations were false because, as LANCASTER then and there knew, she was a secretary with the PTO; had a lower General Schedule grade than she claimed; did not have certain claimed job responsibilities; had a prior misdemeanor arrest from Maryland, a prior felony charge in Virginia, and another misdemeanor conviction in Virginia; and had been fired from her job at the DoD/NGA and later allowed to resign by mutual agreement because of performance

-7-

problems.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT FOUR
### (False Statements)

THE GRAND JURY FURTHER CHARGES THAT:

21.     The allegations contained in paragraphs 1 through 11 of this Indictment are realleged as if fully set forth herein.

22.     In or about December 2007, and continuing through in or about March 2008, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KAREN LANCASTER did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations, by submitting application materials (including an SF-86) to the State Department wherein she, among other things, stated she was an analyst with the PTO; claimed certain job responsibilities she did not have; failed to accurately report her criminal record by concealing her arrest in Maryland, by concealing that she had been charged with a felony offense in Virginia, and by concealing one misdemeanor conviction in Virginia; and denied being fired from a job, quitting after being told she would be fired, leaving a job by mutual agreement following allegations of unsatisfactory performance, or otherwise leaving a job under unfavorable circumstances in the past seven years. These statements and representations were false because, as LANCASTER then and there knew, she was a secretary with the PTO; did not have certain claimed job responsibilities; had a prior misdemeanor arrest from Maryland, a prior felony charge in Virginia, and another misdemeanor conviction in Virginia; and had been fired from her job at the DoD/NGA and later allowed to resign by mutual agreement because of performance problems.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT FIVE
### (False Statements)

THE GRAND JURY FURTHER CHARGES THAT:

23.     The allegations contained in paragraphs 1 through 11 of this Indictment are realleged as if fully set forth herein.

24.     On or about February 6, 2008, and continuing through in or about May 2008, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KAREN LANCASTER did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations, by submitting application materials (including an OF-306) to the SEC wherein she, among other things, stated she was an analyst with the PTO; claimed a General Schedule grade she did not have; claimed certain job responsibilities she did not have; denied having "been convicted, been imprisoned, been on probation, or been on parole" in the past ten years; and denied having "been fired from any job for any reason, . . . quit after being told that [she] would be fired, [or leaving] any job by mutual agreement because of specific problems . . ." in the past five years.  These statements and representations were false because, as LANCASTER then and there knew, she was a secretary with the PTO; had a lower General Schedule grade than she claimed; did not have certain claimed job responsibilities; had been on probation from a 2002 misdemeanor arrest in Maryland and had been convicted of two misdemeanors in Virginia in 2005 and imprisoned; and had been fired from her job at the DoD/NGA and later allowed to resign by mutual agreement because of performance problems.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT SIX
### (False Document)

THE GRAND JURY FURTHER CHARGES THAT:

25. The allegations contained in paragraphs 1 through 11 of this Indictment are realleged as if fully set forth herein.

26. On or about December 18, 2007, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KAREN LANCASTER did knowingly and willfully make and cause to be made, and used and caused to be used, a false writing or document, knowing the same to contain materially false, fictitious, and fraudulent statements and representations; that is, LANCASTER submitted an SF-50 form, via facsimile transmission from Alexandria, Virginia, in the Eastern District of Virginia, to the State Department, in which she claimed that, effective January 7, 2007, she (LANCASTER) was a Program Analyst for the PTO making $68,993 annually, with a General Schedule grade of 12, step 2, well knowing that she was never a Program Analyst at the PTO, that her annual salary was not $68,993 as of January 7, 2007, and that her General Schedule grade at the PTO was no higher than grade 7, step 10 at that time she submitted the SF-50 to the State Department.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

-12-

## COUNT SEVEN
### (False Documents)

THE GRAND JURY FURTHER CHARGES THAT:

27.     The allegations contained in paragraphs 1 through 11 of this Indictment are realleged as if fully set forth herein.

28.     On or about February 6, 2008, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KAREN LANCASTER did knowingly and willfully make and cause to be made, and used and caused to be used, a false writing or document, knowing the same to contain materially false, fictitious, and fraudulent statements and representations; that is, LANCASTER submitted an SF-50 forms, via facsimile transmission from Alexandria, Virginia, in the Eastern District of Virginia, to the SEC, in which she claimed that, effective January 7, 2007, she (LANCASTER) was a Program Analyst for the PTO making $68,993 annually, with a General Schedule grade of 12, step 2, well knowing that she was never a Program Analyst at the PTO, that her annual salary was not $68,993 as of January 7, 2007, and that her General Schedule grade at the PTO was no higher than grade 8, step 9 at the time she submitted the SF-50 to the SEC.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

# COUNT EIGHT
## (False Documents)

THE GRAND JURY FURTHER CHARGES THAT:

29.     The allegations contained in paragraphs 1 through 11 of this Indictment are realleged as if fully set forth herein.

30.     In or about May 2008, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KAREN LANCASTER did knowingly and willfully make and cause to be made, and used and caused to be used, a false writing or document, knowing the same to contain materially false, fictitious, and fraudulent statements and representations; that is, LANCASTER submitted an SF-50 form, via facsimile transmission from Alexandria, Virginia, in the Eastern District of Virginia, to the SEC, in which she claimed that, effective January 6, 2008, she (LANCASTER) was a Program Analyst for the PTO making $76,742 annually, with a General Schedule grade of 12, step 4, well knowing that she was never a Program Analyst at the PTO, that her annual salary was not $76,742 as of January 6, 2008, and that her General Schedule grade at the PTO was no higher than grade 8, step 9 at the time she submitted the SF-50 to the SEC.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

DATED this _____ day of March, 2011.

A TRUE BILL

Pursuant to the E-Government Act
the original of this page has been filed
under seal in the Clerk's Office.

_____
Foreperson

NEIL H. MACBRIDE
United States Attorney
Eastern District of Virginia

JACK SMITH
Chief
Public Integrity Section
Criminal Division
United States Department of Justice

By: _____
Mark D. Lytle
Assistant United States Attorney

By: _____
Ethan H. Levisohn
Trial Attorney
Peter Mason
Trial Attorney

-15-